## Case No. 6,579.

### HOFFMAN et al. v. WILLIAMS.

.[Taney, 69.] [1]

Circuit Court, D. Maryland. Nov. Term, 1842.

CUSTOMS DUTIES—AD VALOREM—ESTIMATION OF VALUE—COST OF TRANSPORTATION.

The second clause of the second section of the tariff act of July 14, 1832 [4 Stat. 584], provides that the duty upon blankets, "the value whereof, at the place from whence exported, shall not exceed seventy-five cents each," shall be five per cent. ad valorem: *Held*, that in estimating the "value," under this clause, of blankets manufactured at Leeds, and sent to Liverpool for exportation, the cost of transporting them to Liverpoool, including the freight or carriage, must be taken into the account.

[This was a proceeding by George B. Hoffman and William H. Hoffman against Nathaniel F. Williams, collector.]

Wm. F. Frick, for plaintiffs.
Z. C. Lee, Dist. Atty., for defendant.

TANEY, Circuit Justice.. This action is brought against the collector, to recover the amount of certain duties charged by him and disputed by the plaintiffs, but paid under protest. The case has been submitted to the court upon a case stated; but the statement is imperfect, and in order to enable the parties to bring the point in controversy before the court in such a form that judgment may be entered, we proceed to state the construction we give to the act of congress, and to point out wherein the statement submitted to the court is defective.

The case states that a parcel of blankets were imported by the plaintiffs, from Liverpool, into Baltimore, and that the value thereof, at the place of exportation, without including charges, did not exceed seventy-five cents each; but it is not stated what charges are excluded, nor what was the value of the goods, taking the charges into consideration. It was said at the bar, that the goods were purchased at Leeds, by the plaintiffs, for less than seventy-five cents each; that the charges for transporting them to Liverpool, added to the original price, would make the cost, at the place of shipment, greater than the sum above mentioned; and that the collector has added these charges to the original price, in order to determine the value at the place of exportation, and charged the duties accordingly; but the value as thus ascertained is not stated.

We understand it to be assumed on both sides, that the fifteenth section of the act of July 14, 1832, directing the mode of ascertaining the ad valorem duties, does not embrace this case, and that it depends solely upon that part of the second clause of the second section, which provides, that the duty upon blankets, "the value whereof, at the place

1 [Reported by James Mason Campbell, Esq., and here reprinted by permission.]

from whence exported, shall not exceed seventy-five cents each," shall be five per centum ad valorem. Admitting this to be the true construction of the act of congress, and that the case is not embraced by the fifteenth section, yet, as these blankets were exported from Liverpool, the duties must be charged upon their value at that place, at the time of exportation; if they were worth there more than seventy-five cents each, the duty must be charged accordingly, although they may have been purchased for less, at Leeds; and the cost of transporting them to Liverpool, including the freight or carriage, must be taken into account in estimating their value at that place.

It has, however, been urged upon the part of the plaintiffs, that the word "value," in the clause in question, means the value independently of any charges incurred after they were purchased; and that the word "value" is so used in the fifteenth section, which directs the charges to be added to the actual value in the cases embraced by that section. And it is insisted, that the same word in the second section ought to be expounded in the same sense in which it is used by the legislature in the fifteenth, and that the charges of transportation, therefore, ought not to be taken into the account. Undoubtedly, the word "value" must receive the same construction in both clauses of the law. But the fifteenth section speaks of value at the place of purchase, and the clause in question speaks of the value at the place whence exported. In the fifteenth section, the legislature directs the charges to be added to the actual value at the place of purchase; and by this means the value at the place of exportation is ascertained. And the reason why the same provision is not contained in the second section is that these charges necessarily enter into the value of the goods, when they have been brought to the place of exportation. The value of these blankets, at Leeds, was the sum they were worth there, when deposited in the warehouse, ready for sale and delivery; and their value at Liverpool, was the sum they were worth at that place, when deposited in the warehouse there, ready for exportation.

But since the argument upon the case stated, we have carefully examined the provisions contained in the fifteenth section; and we see no sufficient reason for supposing that it does not extend to the case before the court. That section prescribes the mode of estimating the ad valorem duties, in all cases in which they are imposed by that act of congress. The duty in question is one of that description, and not a specific one upon each blanket; it is imposed upon the article according to its value, and is described as a duty ad valorem, in terms, in the clause by which it is imposed. We think it very clear that it is embraced in the fifteenth section, and that the rule there

prescribed must be followed, in estimating the duty upon these blankets, and ascertaining their value at the place of exportation.

If the facts are properly presented by a case stated, the court, as we have already said, orally, will proceed to give judgment upon the principles above stated; but if the facts are not admitted, the value must be determined by a jury, under the direction of the court, and the duties ascertained in the mode pointed out in the fifteenth section of the law. Judgment of non pros.